UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| UNITED STATES OF AMERICA | : | |
| --- | --- | --- |
| | : | |
| v. | : | Case No.: 6:17-CR-00261-CEM-DCI |
| | : | |
| CHARLES ZACHARY HOWARD | : | |
| _____ | : | |

**DEFENDANT CHARLES ZACHARY HOWARD'S**
**SENTENCING MEMORANDUM**

COMES NOW, the undersigned counsel, on behalf of the Defendant, CHARLES ZACHARY HOWARD, and files this his sentencing memorandum and in support states as follows:

I. SENTENCING POSITION

At sentencing in the above styled case, the issue before this Honorable Court is whether the Defendant should receive a federal prison sentence within the advisory federal sentencing guideline range of tix months to twelve months. Given the totality of the circumstances, including but not limited to the mitigating facts of his life, the Defendant respectfully submits that a sentence that is within the federal sentencing guideline imprisonment range is unreasonable and thus greater than necessary to comply with the purposes of set forth in paragraph two of Title 18 United States Code Section 3553(a).

II. PRESENTENCE INVESTIGATION REPORT

Undersigned counsel has no factual objections to the factual accuracy of the presentence investigation report.

Undersigned counsel has no legal objections to the factual accuracy of the presentence investigation report.

III. DOWNWARD VARIANCE ANALYSIS

Undersigned counsel is fully aware this Honorable Court understands the law regarding the discretion it has at federal sentencing based upon the advisory nature of the federal sentencing guidelines pursuant to *United States v. Booker*, 543 U.S. 220, 245-67 (2005), *Rita v. United States*, 127 S.Ct. 2456 (2007), *Kimbrough v. United States*, 128 S.Ct. 558 (2007), and *Gall v. United States*, 552 U.S. 38, 53 (2007). As such, there will not be an in-depth analysis of this relevant law in this memorandum. Undersigned counsel is also fully aware this Honorable Court will read the presentence investigation report prior to the Defendant's sentencing and will not simply regurgitate the information contained within it in this memorandum in the form of the ultimate sentencing request. Undersigned counsel will however highlight several facts from the presentence investigation report and in turn make legal arguments relevant to imposing a just sentence.

To arrive at a sentence that is sufficient but not greater than necessary and to comply with the purposes set forth in paragraph two of Title 18 United States Code Section 3553(a), the Defendant understands the Court will first calculate the Defendant's guideline sentence, next consider any departures based on the criteria set forth in the federal sentencing guidelines from Sections 5K1.1 to 5K3.1, and, finally, consider whether the sentence imposed should be different from either the federal sentencing guideline sentence or the departure sentence (if any), after considering the factors set forth in 18 United States Code Section 3553(a).

The Defendant is a final base offense level ten and a criminal history category of one. This is within Zone B of the Federal Sentencing Table. Zone B permits a district court judge to impose one day of prison followed by a term of supervised release. Therefore, the issue at sentencing is whether a sentence within the advisory federal sentencing guideline range of six months to twelve months is sufficient but not greater than necessary to comply with the law. The

Defendant believes it is not sufficient and is greater than necessary. The Defendant instead requests a federal prison sentence of one day followed by the maximum term of five years supervision. The Defendant is not requesting a variance and is not requesting a term of probation. Should the district court vary downward to Zone C and impose a term of probation, it actually would result in less oversight of the Defendant, as probation is maxed out at three years. If the district court were to impose a sentence of one day in federal prison, the district court could then impose a supervised release term of up to five years. This allows for additional supervision time to ensure the Defendant is continuing on with mental health counseling and treatment.

The Defendant pleaded guilty because he is guilty. The two elements of count one are as follows:

First: The defendant knowingly sent a message in interstate commerce containing a true threat to injure the person of another, and

Second: The defendant sent the message with the intent to communicate a true threat or with the knowledge that it would be viewed as a true threat.

Element one is met because the Defendant definitely left a threatening voice mail with Congressman A's office. Element two is met because the Defendant sent the message with the knowledge it would be viewed as a true threat.

In good faith, undersigned counsel does not think any party to this cause, including the government believes the Defendant sent the message with the intent to actually commit the acts he described. In fact, further research by undersigned counsel revealed the Defendant's voice mail was actually a paraphrase of a statement wrongfully attributed to President George H.W. Bush about his alleged role in the Iran-Contra scandal of the late 1980's. The Defendant

acknowledges this is little consolation to the assistants in Congressman A's office who heard, and were terrified, by the voice mail but it does offer context to the criminal acts.

The Defendant is mentally ill. However, with medication and treatment, the Defendant has proven over the past year that he can live a productive and meaningful life. Over the past year, while properly medicated and receiving counseling from mental health professionals, the Defendant has not violated the law again, not violated the terms and conditions of his pretrial release, remained sober and begun the hard task of repairing family relationships.

To sum up, the Defendant is an intelligent man with mental health problems. Following in his father's footsteps (retired Colonel of the United States Army), the Defendant entered the United States Navy only to be later discharged for misconduct related to alcohol abuse. Additional minor incidents with the law followed and all of these instances are consistent with a person who was self-medicating for a then not yet diagnosed mental health illness. The Defendant ceased all drug consumption by 2013 and began abstaining from alcohol in 2014. (It should be noted that his late mother was an alcoholic and suffered from mental health illness.)

Unfortunately, the Defendant traded one addiction for another. Instead of drinking and using narcotics, the Defendant became obsessed with conspiracy theories he found on the internet. While the internet is a useful tool in American life, it is also fraught with danger for someone like the Defendant. The Defendant, fueled his anger resulting from his mental health issues, engaged in daily internet searches of his perceived wrongdoing on the part of others. Interestingly, the Defendant really does not have a political bent when it comes to conspiracy theories. His conspiracy theories involved persons to the left and to the right - and those in the middle. Over the course of the last year the Defendant has learned that his mental health illness are the driving causes of his addictions – be it drugs, alcohol or conspiracy theories. He has learned to recognize and avoid his addictions and focus his energy on the positive aspects of life.

Now that he has addressed his mental health issues, the Defendant is ready to slowly reintegrate himself into society. It is suggested this reintegration must be gradual. Perhaps the first six months of his supervised release should be spent on home detention and afterward a part-time job should be sought. The Defendant is not by any means cured of his mental health illness, and he likely never will be, but his acceptance of the problem and desire to get better through treatment and counseling bring him one step closer to accomplishing this goal.

Undersigned counsel and United States Probation have both requested mental health records. Upon receipt by either party, undersigned counsel will supplement the presentence investigation report and this sentencing memorandum for this Honorable Court's review.

IV. REQUESTS FOR JUDICIAL RECOMMENDATIONS

The Defendant understands that judicial recommendations are just that – mere recommendations. There is no guarantee that a judicial recommendation will result in action. However, relevant law and prison policy state more weight is given to a judicial recommendation if there is a factual basis on the record for the judicial recommendation.[1]

The Defendant does not believe federal prison is appropriate. However, should this Honorable Court impose a term of incarceration, the Defendant makes the following requests for judicial recommendations.

---

[1] The Bureau of Prisons welcomes judicial recommendations and, by statute and its own policy, is required to consider them. *See* 18 U.S.C. Section 3621 and Program Statement 5100.08, "Inmate Security Designation and Custody Classification". Pursuant to the above statute, the Bureau of Prisons is required to consider the type of offense, the length of sentence, the defendant's age, the defendant's release residence, the need for medical or other special treatment, any placement recommendation made by the court, and all guidance issued by the United States Sentencing Guidelines. Therefore, while the Bureau of Prisons has the sole authority to designate the place of confinement for federal prisoners, if a defendant's judgment and conviction indicates the district court's preference for housing the inmate within a specific institution, geographic area, or specialized program, it must be considered and every effort will be made to fulfill the district court's recommendation request should there be reasons on the record to support the request.

The Defendant respectfully requests a recommended designation of a federal prison camp as close as possible to Orlando, Florida. As a factual basis for this recommendation, the Defendant's family and friends all reside in the Orlando, Florida area. The love and support resulting from the Defendant's family and friends being able to visit the Defendant while he is in custody will allow him a greater chance of positive matriculation through the prison system.

The Defendant requests participation in the 500 Hour Residential Drug Abuse Program (RDAP). As a factual basis for this recommendation, there is ample evidence of the Defendant's struggles with drug and alcohol addiction on page ten, paragraphs fifty through fifty-two of his presentence investigation report.

## CONCLUSION

WHEREFORE, the Defendant, CHARLES ZACHARY HOWARD, by and through his undersigned counsel respectfully requests this Honorable Court will grant the requested relief/and or any other relief deemed necessary.

Respectfully submitted,

By: /s/ Mark J. O'Brien
Mark J. O'Brien, Esquire
Florida Bar No.: 0160210
511 West Bay Street
Suite 330
Tampa, Florida 33606
Direct:	(813) 228-6989
Email: mjo@markjobrien.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY on February 5, 2018 I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will then send notice of electronic filing to all counsel of record.

By: /s/ Mark J. O'Brien